UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| SHARON ROSECRANS, et al., )<br>)<br>      Plaintiffs, )<br>)<br>v. )<br>)<br>AIRAMEDIC, LLC, )<br>)<br>      Defendant. ) | 1:16-cv-00452-JAW |

**ORDER DISMISSING MOTION FOR DEFAULT JUDGMENT**

On September 6, 2016, Sharon Rosecrans and Lisa Weeks filed a complaint against Airamedic, LLC (Airamedic), claiming that Airamedic was using their images for commercial purposes, that Airamedic failed to obtain their authority to do so, and that Airamedic failed to respond to their demand that it stop doing so. *Compl.* (ECF No. 1). The Plaintiffs demand damages "sufficiently large to compensate for damages they have suffered as a result of Defendant's conduct including, but not limited to, damages for general and non-economic damages, economic damages, pre-judgment and post judg[]ment interest, lost wages, punitive damages, costs of this suit, including reasonable attorney fees and costs, injunctive relief, and such further relief the Court may deem proper." *Id.* at 3-4.

The Plaintiffs duly served a copy of the Complaint and Summons on Airamedic on September 17, 2016. *Affidavit of Serv.* (ECF No. 4). On October 17, 2016, after Airamedic failed to respond to the lawsuit, the Plaintiffs filed a motion for default judgment against it, and on October 24, 2016, the Plaintiffs filed a motion for entry

of default against Airamedic.  *Pls.' Mot. for Default J.* (ECF No. 5); *Pls.' Mot. for Entry of Default* (ECF No. 6).  On October 24, 2016, the Clerk entered default against Airamedic.  *Order Granting Mot. for Entry of Default* (ECF No. 7).  This leaves pending the motion for default judgment.

The Court has not been provided with sufficient information to rule on the motion for default judgment.  *KPS & Assocs. v. Designs by FMC, Inc.*, 318 F.3d 1, 19 (1st Cir. 2003) ("While the District Court may not have been obligated to hold an evidentiary hearing, it could not just accept [plaintiff's] statement of the damages") (quoting *Transatl. Marine Claims Agency v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997)).  The First Circuit has written that "[i]n limited circumstances we have permitted district courts to dispense with a Rule 55(b)(2) hearing, even in the face of apparently unliquidated claims."  *KPS*, 318 F.3d at 21.  For example, the First Circuit observed that a "district court, 'intimately familiar with the case from years of travail,' did not abuse discretion when it forwent hearing and calculated damages from 'mortgage and loan agreements, certifications by the taxing authorities, and other documents of record.'"  *Id.* (quoting *HMG Prop. Inv'rs, Inc. v. Parque Indus. Rio Canas, Inc.*, 847 F.2d 908, 919 (1st Cir. 1988)).

Here, the Court has no evidence to determine what, if any, damages the Plaintiffs actually sustained as a consequence of Airamedic's actions.  Particularly in cases in which plaintiffs are demanding non-quantifiable damages, the Court requires plaintiffs to appear before it at a scheduled hearing and make the case for their damage claims by presentation of evidence.  Also, once the hearing date, time

and place have been scheduled, the Court requires the plaintiffs to notify the defaulted defendant so that if the defendant wishes to do so, it may appear and contest damages.

Here, as there is no evidence from which the Court could fashion a damages award, the Court is dismissing the motion for default judgment without prejudice to allow the Plaintiffs to refile the motion as they deem appropriate.

The Court DISMISSES without prejudice Plaintiff's Motion for Default Judgment (ECF No. 5).

SO ORDERED.

    /s/ John A. Woodcock, Jr.
    JOHN A. WOODCOCK, JR.
    UNITED STATES DISTRICT JUDGE

Dated this 25th day of October, 2016